## Shoemaker v. Lawrence, Secy. of Commonwealth

682

*Earl V. Compton,* for plaintiff.

*C. James Todaro,* Deputy Attorney General, *Edward Friedman,* Deputy Attorney General, and *Charles J. Margiotti,* Attorney General, for defendant.

*Rosenberg & Rosenberg,* amici curiæ.

SHEELY, P. J., March 4, 1938.—Plaintiff's bill prays that defendant, as Secretary of the Commonwealth, be restrained from furnishing forms for nominations, from receiving nomination papers, from certification of nominations or elections, and from any other act for the holding of elections for members of the General Assembly in counties or districts as established by the Act of June 30, 1937, P. L. 2443. The bill alleges that said act is unconstitutional in a number of respects which will be hereinafter referred to. A rule was granted to show cause why a preliminary injunction should not issue, and on the return of this rule it was agreed by counsel for plaintiff and for defendant that the matter should be presented to the

court as on final hearing on bill and answer. No answer was in fact filed by defendant, but he has admitted of record the matters contained in said bill which he acknowledges to be true, and there is no dispute as to the facts.

From defendant's admissions and the testimony taken before the court, which included maps of the counties affected by said act, we make the following

## Findings of fact

1. Plaintiff is a citizen, enrolled elector, and taxpayer of the Borough of Tullytown, County of Bucks, Commonwealth of Pennsylvania.

2. Defendant, David L. Lawrence, is the duly appointed, qualified, and acting Secretary of the Commonwealth of Pennsylvania.

3. The General Assembly of the Commonwealth of Pennsylvania, at the regular session of 1937, enacted a statute which was approved by the Governor of the Commonwealth on June 30, 1937, entitled "An Act to fix the number of Representatives in the General Assembly of the State; and to apportion the State into representative districts, as provided by the Constitution", and which is known as Act no. 456.

4. Defendant, as Secretary of the Commonwealth, and by virtue of the provisions of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, proposes and intends to require nomination petitions for the office of members of the General Assembly in accordance with the districts established by the Act of June 30, 1937, and intends to certify the same to the county boards of election and to require said county boards of election to prepare and publish notices and advertisements in connection with the conduct of primaries and elections for the office of the members of the General Assembly in the districts as established by said act, and to conduct primaries and general elections for the office of members of the General Assembly in said districts.

5. The furnishing of nomination forms and the acceptance and inspection of nomination papers and the certification thereof to the county boards of election will require the expenditure of moneys of the Commonwealth of Pennsylvania.

6. The publication and advertising of notices and the holding of primary elections and general elections by the county boards of election will require the expenditure of county moneys including moneys of the County of Bucks.

7. By the provisions of the Act of 1937, the Borough of Tullytown is part of the second district of Bucks County although the borough is separated by a distance of approximately 14 miles from the nearest portion of the remainder of said second district and is not contiguous thereto.

8. By the provisions of the act the Townships of Newtown, New Britain, Upper Makefield, Lower Makefield, Upper Southampton, and Lower Southampton in said County of Bucks are not included in any legislative district in the county.

9. There is no political subdivision in the County of Bucks known as the Township of Makefield or the Township of Southampton for which the act purports to provide.

10. The Borough of Modena, the Borough of South Coatesville, and the Township of West Vincent in the County of Chester are not included within any legislative district in the county.

11. The Township of Beccaria in the County of Clearfield is included in and made a part of the second legislative district of Clearfield County.

12. By the provisions of the Act of 1937, the County of Dauphin is divided into two districts consisting of the City of Harrisburg as the first district, and the remainder of the county as the second district. The first district is given two representatives in the General Assembly and the second district, one representative.

13. The population of the first district of Dauphin County, as shown by the United States decennial census of 1930, is 80,339, and the population of the second district of Dauphin County as shown by said census is 84,892.

14. By the provisions of the Act of 1937 the Township of Lawrence Park in the County of Erie is made a part of the fourth district of said county although it is separated from the remainder of said district by at least two miles and is not contiguous thereto.

15. The Borough of South Brownsville in the County of Fayette was consolidated with Brownsville Borough on July 3, 1933, and under the provisions of the Act of 1937, Brownsville Borough is included in and made a part of the second legislative district of Fayette County.

16. By the provisions of the Act of 1937, the Township of West Telford in the County of Montgomery is included in and made a part of the fourth district of said county, although there is no township by the name of West Telford in the county. The Borough of West Telford in Montgomery County is not included in any legislative district therein and is separated from the fourth district of the county and is not contiguous thereto.

17. By the provisions of the Act of 1937, the Borough of Soudertown in the County of Montgomery is included in and made a part of the fourth district of the county although it is separated from the remainder of said district and is not contiguous thereto.

18. By the provisions of the Act of 1937, the Borough of West Leechburg and the Borough of Oklahoma in the County of Westmoreland are included in and made a part of the third district of the county, although both of said boroughs are separated from the remainder of the third district by approximately 12 miles and are not contiguous thereto or to each other.

19. The Boroughs of Tullytown in Bucks County, Modena and South Coatesville in Chester County, West Telford in Montgomery County, and West Leechburg and

Oklahoma in Westmoreland County, and the said Townships of Newtown, New Britain, Upper Makefield, Lower Makefield, Upper Southampton, Lower Southampton in Bucks County, West Vincent in Chester County, were all created prior to the United States decennial census of 1930.

## Discussion

Extended discussion in this case is required only because of the number of errors committed by those who prepared the statute. The Attorney General, recognizing the errors and the attendant consequences, properly submitted the case without attempting to sustain the statute.

A comparison of the statute with the maps offered in evidence establishes conclusively that in three counties certain townships and boroughs are not included in any legislative district. As a result of the failure to include territory in any district the inhabitants of that territory would be deprived of the right to vote for a representative in the General Assembly and, to that extent, would be deprived of representation. That such condition cannot exist under our Constitution and our form of government requires little or no discussion.

Section 5 of article I of the Constitution requires that "Elections shall be free and equal". This means that no voter shall be physically restrained in the exercise of his right by either civil or military authority; nor shall there be inequality; every voter shall have the same right as every other voter: Commonwealth ex rel. v. Reeder, 171 Pa. 505, 515 (1895). In Patterson et al. v. Barlow et al., 60 Pa. 54, 75 (1869), quoted with approval in Winston v. Moore, 244 Pa. 447, 454 (1914), Mr. Justice Agnew in considering this section of the Constitution said:

"How shall elections be made equal? Clearly by laws which shall arrange all the qualified electors into suitable districts, and make their votes equally potent in the election; so that some shall not have more votes than others, and that all shall have an equal share in filling the offices of the Commonwealth."

It is clear that the legislature in performing the duty imposed upon it by article II, sec. 17, of the Constitution of apportioning the members of the House of Representatives among the several counties and, for that purpose, dividing counties of more than 100,000 inhabitants into legislative districts, cannot so arrange the districts that a portion of the county is not included in any district.

Where a county has more than 100,000 inhabitants the legislature is required by section 17 of article II of the Constitution to divide such county into legislative districts "of compact and contiguous territory." In four of the counties divided into legislative districts by the Act of June 30, 1937, supra, there are districts consisting of two or more parts which are not in any way connected and are separated by territory constituting a part of a different district.

In 13 C. J. 112, the words "contiguous territory," are defined as "territory touching, adjoining and connected, as distinguished from territory separated by other territory." Without considering the requirement of compactness it is clear that those districts created by the Act of 1937 which include two or more parts separated by other territory are not contiguous territory within the constitutional requirement.

Plaintiff further contends that the six legislative district of Lackawanna County, the third district of Schuylkill County, and the seventh district of Luzerne County are not compact as required by section 17 of article II of the Constitution.

In Drucher et al. v. Lawrence, no. 373 Commonwealth docket 1937, no. 1338 equity docket 1937, we considered the similar provision of section 16 of article II of the Constitution dealing with senatorial districts and concluded that as to senatorial districts equality of population was the paramount consideration, and that the requirement of compactness must be construed to mean "as compact as practicable", having regard for the other constitutional

requirements and the territorial limits of the municipal subdivisions involved. Section 17 of article II does not specifically require that legislative districts be equal in population and seems to contemplate that they may not be equal since it is provided that each district shall elect its proportion of representatives according to its population. The rule applied in the senatorial case, therefore, may not apply to legislative districts, and as to the latter the requirement of compactness may be more strictly construed.

An examination of the districts involved indicates that there is considerable weight to plaintiff's contention. However, the question has not been fully argued, and the principle involved is so important that we refrain at this time from expressing an opinion on it.

The apportionment of the members of the House of Representatives among the several counties is required to be made on a ratio obtained by dividing the population of the State by 200. Each county containing less than five ratios is entitled to one representative for each full ratio and an additional representative when the surplus exceeds half a ratio. Every city containing a population equal to a ratio is entitled to elect separately its proportion of the representatives allotted to the county in which it is located.

The ratio determined by the 1930 census is 48,156. Dauphin County, with a population of 165,231, would be entitled to the three representatives which are provided by the Act of 1937. The City of Harrisburg, with a population of 80,339, which is more than a ratio, would be entitled to elect separately its proportion of the representatives allotted to Dauphin County. Under the Act of 1937 this proportion is fixed as two representatives, and the remaining representative is allotted to the County of Dauphin outside the City of Harrisburg where the population is 84,892.

The expression, "Its proportion of the representatives allotted to the county in which it is located," must refer to the proportion of the population of the county contained in the city. Thus, if the population of the city were exactly one half of the population of the county as a whole, the city would be entitled to elect one half of the representatives. Or if the population of the city were two thirds of the population of the county, the city would be entitled to elect two thirds of the representatives. In the present case, however, the Act of 1937 allots to the City of Harrisburg two thirds of the representatives allotted to the county although the population of the city is less than one half of the population of the county. The result is that 80,339 people have two representatives in the legislature whereas 84,892 people have only one. The smaller proportion of the population of the county has the larger proportion of representatives. This is directly contrary to the requirement of section 17 of article II of the Constitution.

In his statement to the court the Deputy Attorney General sought to justify this division on the theory that a city is entitled to a representative for each ratio of population and an additional representative for any surplus over one half a ratio. This argument confuses the provision of section 17 of article II dealing with counties containing less than five ratios of population under which such county is entitled to a representative for each full ratio and an additional representative when the surplus exceeds half a ratio. There is no such provision applying to cities, and the allotment of representatives to the City of Harrisburg in the Act of 1937 contravenes the Constitution by allowing the City of Harrisburg two of the three representatives allotted to the County of Dauphin.

Having determined that the Act of June 30, 1937, violates the provisions of the Constitution in at least three respects, namely: The disfranchisement of the inhabitants of certain territory; the creation of districts

from territory which is not contiguous; and the improper apportionment in Dauphin County, the question of the effect of the violation of these constitutional provisions arises.

The rule of construction applicable to this situation is stated in Rothermel v. Meyerle, 136 Pa. 250, 265 (1890), quoted with approval in Booth & Flinn, Ltd., v. Miller, 237 Pa. 297, 309 (1912) :

"If the part [of the statute] which is unconstitutional in its operation, is independent of, and readily separable from that which is constitutional, so that the latter may stand by itself, as the reasonable and proper expression of the legislative will, it may be sustained as such; but, if the part which is void is vital to the whole, or the other provisions are so dependent upon it, and so connected with it, that it may be presumed the legislature would not have passed one without the other, the whole statute is void".

That the legislature intended the Act of 1937 to operate in its entirety, and that it did not intend that one portion thereof should stand without the other is apparent from the fact that the Act of May 10, 1921, P. L. 455, is repealed by section 4 thereof, and the act does not include a severability clause. Furthermore, the Act of 1937 increases the number of representatives from 208 to 209 so that if the apportionment as to six counties is disturbed, the apportionment for the entire State would be affected. The effect is best illustrated in Dauphin County which, under the Act of 1921, supra, was entitled to four representatives, two elected by the City of Harrisburg and two by the residue of the county. If the Act of 1921 were revived as to Dauphin County only, there would be 210 members of the House of Representatives whereas the Act of 1937 fixes the number at 209. If only the districts created by the Act of 1921 were revived and the apportionment fixed by the Act of 1937 allowed to stand at least

one of the representatives from the county would be required to be elected by the city and county at large which would be in violation of section 17 of article II. Similar results would follow in the other counties affected.

It follows that by reason of the violation of the constitutional provisions herein referred to and discussed, the entire Act of June 30, 1937, including the repealing clause therein, must be declared invalid. The result will be that the Act of 1921 will remain in effect. We accordingly make the following ·

## Conclusions of law

1. The court has jurisdiction of the parties and the subject matter of these proceedings.

2. Under the Act of June 30, 1937, the second legislative district of Bucks County, the fourth legislative district of Erie County, the fourth legislative district of Montgomery County, and the third legislative district of Westmoreland County, consist of territory which is not contiguous within the meaning of section 17 of article II of the Constitution of Pennsylvania.

3. Under the provisions of the Act of 1937, supra, the Townships of Newtown, New Britain, Upper Makefield, Lower Makefield, Upper Southampton, and Lower Southampton in the County of Bucks, the Boroughs of Modena and South Coatesville and the Township of West Vincent in the County of Chester, and the Borough of West Telford in Montgomery County are not included in any legislative district, in violation of section 5 of article I of the Constitution of Pennsylvania requiring that all elections shall be free and equal.

4. The Act of June 30, 1937, supra, violates section 17 of article II of the Constitution of Pennsylvania in apportioning two members of the House of Representatives to the City of Harrisburg and one member to the remainder of the County of Dauphin.

5. The provisions of the Act of 1937 are not severable, and the provisions thereof which are void are so vital to the whole and the other provisions are so dependent upon them and so connected with them that it may be presumed the legislature would not have passed the one without the other.

6. The Act of June 30, 1937, P. L. 2443, is unconstitutional and void.

7. The Secretary of the Commonwealth must be restrained from furnishing forms for nominations, from receiving nomination papers, from certification of nominations or elections, and from performing any other act for the holding of an election for members of the General Assembly in counties or districts as established by the Act of June 30, 1937, supra.

*Decree nisi*

And now, March 4, 1938, upon consideration of the foregoing case it is ordered, adjudged and decreed that:

1. Act 456 of the General Assembly of the Commonwealth of Pennsylvania, approved June 30, 1937, P. L. 2443, is unconstitutional and void.

2. David L. Lawrence, Secretary of the Commonwealth of Pennsylvania, be and he is hereby enjoined from furnishing forms for nominations, from receiving nomination papers, from the certification of nominations or elections, and from any other act for the holding of an election for members of the General Assembly in counties or districts as established by said Act 456, of the General Assembly of the Commonwealth of Pennsylvania, approved June 30, 1937, P. L. 2443.

3. The costs of this proceeding be paid by defendant.

It is further ordered that the above decree be entered nisi and that the prothonotary shall give notice to the parties or their counsel of record of the entry of such decree and that unless exceptions are filed thereto within 10 days after said notice the decree nisi shall be entered as a final decree.